IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAFEWAY ACQUISITION COMPANY,
LLC,

        Plaintiff,

vs.

CHARTER TOWNSHIP OF HURON,

        Defendant.

Case No. 4:23-cv-10709
Hon. F. Kay Behm
Mag. Anthony P. Patti

_____

### MOTION TO COMPEL SUBPOENA RESPONSES FROM THIRD PARTY AMAZON.COM SERVICES, LLC

Plaintiff Safeway Acquisition Company, LLC ("Safeway"), by and through its undersigned counsel, respectfully submits this Motion to Compel Subpoena Responses from Third Party Amazon.com Services, LLC ("Amazon"). In support of its Motion, Safeway states as follows:

1. Safeway issued a subpoena to Amazon on December 22, 2023 requesting several categories of documents that are relevant to its claims in this case, and Amazon responded to that subpoena with a series of facially inadequate objections.

2. In compliance with Fed. R. Civ. P. 37(a)(1) and E.D. Mich. LR 7.1(a),[1] the parties have met and conferred on the contents of Amazon's subpoena

---

[1] **Exhibit 1:** Safeway Certificate of Compliance with Fed. R. Civ. P. 37(a)(1).

objections. Specifically, on January 19, 2024, Safeway submitted a letter to Amazon noting a number of the deficiencies in Amazon's January 4, 2024 objections.[2]

3. The parties then held a teleconference to discuss these issues on January 24, 2024, at which Amazon's counsel agreed to speak with internal resources at Amazon regarding the documents requested.

4. After a series of follow-up emails, Amazon's counsel informed Safeway's undersigned counsel by email on February 7, 2024 that Amazon would be "standing on its objections."[3]

5. Safeway submits this Motion, which incorporates in full the factual and legal statements in its accompanying brief, to obtain the discovery it is entitled to under the Federal Rules of Civil Procedure.

Respectfully submitted,

**THE MIKE COX LAW FIRM**

Dated: February 14, 2024

/s/ Jason M. Schneider
Jason M. Schneider (P79296)
*Attorneys for Safeway*
17430 Laurel Park Dr. N., Ste. 120E
Livonia, MI 48152
(734) 591-4002
jschneider@mikecoxlaw.com

---

[2] **Exhibit 2:** 01.19.2024 Amazon Deficiency Letter.
[3] **Exhibit 3:** 02.07.2024 Amazon Email to Safeway.

ii

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAFEWAY ACQUISITION COMPANY,
LLC,

        Plaintiff,

vs.

CHARTER TOWNSHIP OF HURON,

        Defendant.

Case No. 4:23-cv-10709
Hon. F. Kay Behm
Mag. Anthony P. Patti

_____

**BRIEF IN SUPPORT OF
MOTION TO COMPEL SUBPOENA RESPONSES FROM
THIRD PARTY AMAZON.COM SERVICES, LLC**

    Plaintiff Safeway Acquisition Company, LLC ("Safeway"), by and through its undersigned counsel, respectfully submits this Brief in Support of its Motion to Compel Subpoena Response from Third Party Amazon.com Services, LLC ("Amazon").

## **CONCISE STATEMENT OF ISSUE PRESENTED**

*Issue 1*:   Should the Court require Third-Party Amazon.com Services, LLC to produce documents that fall squarely within the scope of permissible discovery under the Federal Rules of Civil Procedure pursuant to a valid document subpoena?

**Safeway Answer: Yes.**

## **LIST OF MOST APPROPRIATE AUTHORITY**

1. Fed. R. Civ. P. 26(b).

2. Fed. R. Civ. P. 45.

3. Fed. R. Civ. P. 45, Advisory Committee Notes (1970).

## BRIEF IN SUPPORT OF MOTION TO COMPEL

I.  INTRODUCTION

This is a straightforward discovery dispute arising out of third-party Amazon's failure to respond in good faith to a valid document subpoena that Plaintiff Safeway served on Amazon. Specifically, Safeway served a subpoena in connection with this lawsuit, in which Safeway claims that Defendant Charter Township of Huron ("Township") unconstitutionally and otherwise unlawfully denied an application Safeway submitted to the Township for a land-use permit to construct a Travel Center near a freeway exit. The Township denied Safeway's request based on reasoning that lacked any competent, material basis. Among other deficiencies, it relied on unspecified concerns about "traffic" that were belied by its treatment of other development projects, including Amazon's. And this improper denial came after more than two years of encouragement by Township officials to construct a Travel Center on a site near Amazon's two-warehouse development project, which would inherently create significant truck traffic in the area where Safeway wanted to construct its Travel Center.

During the course of this litigation seeking remedies for the Township's unconstitutional and unlawful actions, Safeway served a subpoena on Amazon requesting documents related to, among other items, traffic protocols for its warehouses in the Township, traffic studies it conducted in connection with its

developments in that area, and relevant communications with various entities that were involved in the project. Rather than comply with the subpoena, Amazon responded with a series of non-specific, boilerplate objections and produced no documents to Safeway. Safeway now seeks to compel responses from Amazon.

**II.   STATEMENT OF MATERIAL FACTS**

On August 9, 2022, Safeway submitted a land-use application to the Township in connection with its plans to construct a Travel Center at the corner of Sibley Road and Warhman Road in Huron Township, less than a quarter-mile East of an exit from the I-275 freeway and a mile South of Detroit Metro Airport ("Safeway Site").[4] The area is surrounded by large vacant lots, as well as sparsely populated residential and agricultural properties.[5] After discussions with the Township about its August 9 submission, Safeway made revisions to its Site Plan specifically to incorporate the Township's suggestions and submitted those revisions in December 2022. Safeway then re-submitted its land-use application, which consists of documents from both the August 9 and December submissions ("Safeway's Application").

As described in the Description of Project section of Safeway's Application:[6]

> The Safeway Travel Center is a ground up 25,070 S.F. facility consisting of multple (sic) uses to support the local community. The North Building (16,250 S.F.) consists of a 9,500 S.F. convenience store (C-Store) flanked on each end with a drive thru restaurant. The

---

[4] (ECF No. 12-9, PageID.269).
[5] *Id.*
[6] (ECF No. 12-1, PageID.157).

2

> South Building (8,820 S.F.) consists of a drive thru vehicle wash and quick oil change facility. The two buildings are linked together by a fuel canopy with 4 fuel pumps. Site entrances have been designed to maximize efficient site flow by aligning with the relocated Warhman/Sibley intersection and North fuel canopy with 8 fuel pumps. The building and canopy designs are detailed in a style that aligns with the Townships (sic) vision for the Sibley Road Corridor. This includes the use of brick and stone, natural landscaping and inclusion of a decorative wall along the street creating a welcoming experience for all residents and visitors.

The Safeway Site is zoned B2, General Business.[7] Among the permitted principal uses the Township provides for in a B2 District are "Automobile filling stations, repair garages and service stations" and "Automobile washes."[8] And according to § 530-64(P) of the Township's Zoning Ordinance, automobile filling stations may include a "convenience store or restaurant with or without a drive-through."[9] Similarly, according to the Township's Master Plan, the future land use planned for the Safeway parcel is "Highway Commercial/Freeway Service Commercial."[10] These zoning and future land-use designations fit the Safeway Site's close proximity to the I-275 Freeway and Detroit Metro Airport.

Also in close proximity to the Safeway site, as described in Safeway's Complaint, are two Amazon distribution centers.[11] "These two

---

[7] (ECF No. 12-1, PageID.156).
[8] Huron Twp. Ord. § 530-33(B).
[9] Huron Twp. Ord. § 530-64(P).
[10] (ECF No. 12-18, PageID.387, 392).
[11] (ECF No. 1-1, PageID.14 ¶ 38).

3

distribution/warehouse centers at 33700 and 33701 Prescott are just 1 mile from the Safeway Site, which is itself only 338 feet from the Sibley Road exit off I-275 is the closest approach to I-275 for any trucks and cars going to and from the Amazon buildings."[12] In other words, it is extremely likely that Amazon trucks from its two distribution centers would regularly pass the Safeway Site on their way to I-275. On top of demonstrating the convenience of a Travel Center at this location, it is also a demonstration that the Safeway Site's immediate surrounding area is a center for wholesale and retail distribution, and other logistics activities.

Despite the Travel Center's clear fit with the Township's current and future land-use policies, the Township Planning Commission ultimately denied Safeway's Application at a public hearing on January 9, 2023.[13] At the public hearing, three proponents of the Travel Center—Safeway owner Sam Beydoun, attorney Tom Isordi, and planner Andrew Cottrell—spoke in favor of the project.[14] Township Planner John Enos also spoke, although the meeting minutes are unclear regarding the substance.[15] There was then a five-minute public-comment period at which one Township citizen spoke directly against the project and two others voiced general support for the project, but wanted a different location.[16] From the record, none of

---

[12] (ECF No. 1-1, PageID.14 ¶ 38).
[13] (ECF No. 12-11, PageID.294).
[14] *Id.*
[15] *Id.*
[16] *Id.*

4

these three citizens stated the bases or facts for their positions, and none addressed pollution, traffic, or any other issues. Also during this period, Hassen Sheikh, the Director of Economic Development for Wayne County, spoke in support of the project.[17] In all, according to the meeting minutes, there was more support than opposition for the Travel Center.

After this brief public-comment period, Planning Commission Secretary Debbie Musallam moved:[18]

> to deny the request, as the project is not harmonious with our new blvd, air pollution, noise pollution, light pollution and ground pollution and surrounding neighbors (sic) negative public input, traffic, and the recommendation from our planning consultant indicating the overall use did not meet special use factors as required in the zoning ordinance.

As demonstrated in Safeway's prior briefing on Count I of its Complaint, the rationale in Musallam's motion is improper under the administrative-review standards of Mich. Ct. R. 7.122, based strictly on the materials in the Administrative Record. The remaining claims laid out in Safeway's Complaint are broader and require discovery, specifically its claims that the Township denied its constitutional rights to due process and equal protection, and effected a taking without just compensation.[19]

---

[17] *Id.*
[18] *Id.*
[19] (ECF No. 1-1, PageID.30-37).

5

The Musallam Motion alone contains evidence of a critical topic at the center of Safeway's subpoena to Amazon: traffic. As Safeway alleged in its Complaint, Safeway addressed the Township's claims about traffic concerns at length with the Township Supervisor and Planner, including that Safeway's "Travel Center would not add truck traffic on Sibley but only service pre-existing traffic."[20] Safeway also expressly pointed out that "Amazon's two distribution/warehouse centers . . . caus[e] more truck traffic on Sibley compared to Safeway" yet were approved, showing disparate treatment between the two.[21]

These allegations and others are precisely why Safeway requested in its subpoena that Amazon provide: (1) "all traffic protocols, traffic standards, and other traffic policies for the Amazon Huron Township Centers," as well as (2) "all traffic reports, studies, memoranda, or any other written traffic analysis performed by or for Amazon connected in any way with the Amazon Hurons Township Centers."[22]

Safeway's Complaint also expressly connects the Travel Center with Amazon's warehouse developments. This entire saga began with Safeway learning that Amazon intended to construct distribution centers in the Township, which induced Safeway to explore and ultimately purchase land in the Township.[23] Indeed,

---

[20] (ECF No. 1-1, PageID.21, ¶ 75, PageID.25 ¶ 96(g)).
[21] (ECF No. 1-1, PageID.27 ¶ 99).
[22] **Exhibit 4:** Amazon Subpoena, ¶¶ 1, 2.
[23] (ECF No. 1-1, PageID.11 ¶ 16, PageID.14 ¶¶ 38-40).

Safeway purchased its property only *two days after* announcement of the Amazon centers, with encouragement from the Township Supervisor.[24] Safeway also made clear that the Township's approval of Amazon's warehouse developments—despite generating significant amounts of truck traffic, requiring road improvements, and placing great demands on public utilities than Safeway—demonstrate the Township's disparate treatment of Amazon over Safeway.[25]

In direct connection with these claims and allegations, Safeway requested that Amazon produce its land-use applications to the Township, supporting materials, and any documents it received memorializing the Township's decisions:[26]

    4.    Produce all memoranda, studies, analyses, and any other supporting materials related to the submissions produced in response to Request No. 3.

    5.    Produce all documents memorializing any final decision made by the Township, including but not limited to its Planning Commission and Board of Trustees, with respect to any of the submissions produced in response to Request No. 3.

    6.    Produce all communications between any officer, employee, representative, owner, member, or other agent of Amazon and any officer, employee, representative, owner, member or other agent of Safeway.

---

[24] *Id.*
[25] (ECF No. 1-1, PageID.27 ¶ 99).
[26] **Exhibit 4:** Amazon Subpoena, ¶¶ 3-5.

Safeway also requested communications between Amazon and the Township, the owners and developers of the Amazon warehouse sites, and internal communications related to its warehouses in the Township:[27]

> 8. Produce all communications between any officer, employee, representative, owner, member, or other agent of Amazon and any officer, employee, representative, owner, member, or other agent of Hillwood Development Co. LLC regarding the Amazon Huron Township Centers or Safeway.
>
> 9. Produce all communications between any officer, employee, representative, owner, member, or other agent of Amazon and any officer, employee, representative, owner, member, or other agent of Sterling Group regarding the Amazon Huron Township Centers or Safeway.
>
> 10. Produce all communications between any officer, employee, representative, owner, member, or other agent of Amazon and any officer, employee, representative, owner, member, or other agent of The Home Depot, Inc. regarding the Amazon Huron Township Centers or Safeway.
>
> 11. Produce all internal communications between officers, employees, representatives, owners, members, or other agents of Amazon regarding the Hillwood Developments or Safeway.

The requests in Safeway's subpoena to Amazon are not only relevant, but central to Safeway's claims and allegations in this case. Despite that, Amazon submitted non-specific, boilerplate objections to Safeway's requests, and has improperly elected not to produce *any* documents based on those objections.[28]

---

[27] **Exhibit 4:** Amazon Subpoena, ¶¶ 7-11.
[28] **Exhibit 5:** Amazon Subpoena Objections; **Exhibit 3:** 02.07.2024 Amazon Email to Safeway.

## III.  STANDARD OF REVIEW

Fed. R. Civ. P. 26(b) establishes that parties in litigation "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."[29] Thus, "The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad."[30] The Federal Rules create several mechanisms for obtaining this relevant information, including discovery subpoenas to third parties for the "production of documents [and] electronically stored information . . . ."[31] "[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."[32]

When a third-party objects to producing documents pursuant to a subpoena, "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production . . . ."[33]

---

[29] Fed. R. Civ. P. 26(b).
[30] *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 593 (6th Cir. 2014) (Clay, J., dissenting).
[31] Feb. R. Civ. P. 45(c)(2).
[32] Fed R. Civ. P. 45, Advisory Committee Notes (1970).
[33] Fed. R. Civ. P. 45(d)(2)(B)(i).

9

## IV. ANALYSIS

### A. *Safeway's requests are not only relevant, but critical to the claims and allegations in its Complaint.*

As described in detail above, the document requests in Safeway's subpoena are central to its claims against the Township. Safeway has alleged that the Amazon distribution-center development were one of the primary motivations—along with encouragement from Township officials—for Safeway's purchase of development property in the Township. Safeway has also alleged that the Township's purported concerns about traffic in its denial of Safeway's land-use application were unfounded because the Amazon centers created significantly more traffic than Safeway ever would, yet were approved, and that Safeway's Travel Center would cater to the pre-existing traffic that Amazon's warehouses would create. These allegations are central to Safeway's claims that the Township violated its due process rights by arbitrarily, capriciously, and irrationally denied its application to construct the Travel Center and denied Safeway equal protection of the law by treating it in a disparate and discriminatory manner. Thus, Safeway's document requests fall squarely within Fed. R. Civ. P. 26(b)'s mandate that parties are entitled to any non-privileged, relevant materials.

10

> B.   *Amazon's non-specific, boilerplate objections are facially improper.*

None of Amazon's objections provides a valid basis for failing to respond to Safeway's subpoena. In response to all of Safeway's requests, Amazon first included the boilerplate objection, without any attempt at explanation, that the requests are "overbroad and unduly burdensome for Plaintiff's failure to make any showing that such a broad demand is necessary or cannot be narrowed to seek only relevant and reasonably ascertainable information."[34] Amazon provides no other explanation as to why it believes the requests are overly broad or what burden they impose—the quoted boilerplate is the entire objection.

Amazon does not fare any better when it pretends to add specificity. In objecting to Safeway's Request Nos. 1 and 2 for traffic protocols, studies, and other similar documents, Amazon objects to the use of "vague and ambiguous terms and phrases . . . ." According to Amazon, these terms and phrases include "other traffic policies" and "other written traffic analysis"—without a single reference to the precursors in the lists from which Amazon took those particular terms out of context. It also refers to the vagueness of "Amazon Huron Township Centers" despite Safeway clearly defining those terms in its Requests.[35] Both of these objections are facially absurd. It is simply not in keeping with the spirit of open discovery under

---

[34] **Exhibit 5:** Amazon Subpoena Objections, at 4-9.
[35] **Exhibit 4:** Amazon Subpoena, at 3.

11

the Federal Rules of Civil Procedure to object to easily understandable terms as vague without *any* attempt at an explanation.

Similarly, Safeway's Requests 3 through 5 ask for any submissions Amazon made to the Township with respect to its warehouses. Amazon again objects to vagueness, this time with respect to the terms "Township," "other supporting materials," and "final decision." These are arguably even worse violators of Amazon's boilerplate ploy. *Anyone* pretending not to understand what the word "Township" refers to in the context of this case is not believable and not acting good faith.

Requests 6 through 11 then request communications between Amazon and the Township, its developers, and internal communications regarding its warehouses in Huron Township. In objecting to these Requests, Amazon follows the same trends as those described in the prior paragraphs and objects to "Safeway" as a vague term, along with the Township (again) and all of the entities Amazon worked with on its warehouses in Huron Township.

Finally, what Amazon seems to think is its silver-bullet general objection—the only one that includes any type of case support, albeit from outside this District—does not provide a reason for failing to comply with Safeway's subpoena. Citing a number of cases from the 9th Circuit, Amazon objects broadly to producing responsive documents "to the extent certain information sought is in the possession,

12

custody, or control the parties to the litigation."[36] Amazon does not say what "certain information" it is referring to.

Further, contrary to Amazon's assertions, at least one court in this District has noted that "there is no absolute rule prohibiting a party from seeking to obtain the same documents from a non-party as can be obtained from a party, nor is there an absolute rule providing that a party must first seek those documents from an opposing party . . . ."[37] Indeed, a party is "entitled to ensure the completeness of its record by seeking the same documents from multiple sources," as there is no guarantee that every party or third-party entity has maintained the records being sought.[38] This lack of a blanket rule accords with the Rules Advisory Committee's statement that the scope of discovery through Fed. R. Civ. 45 is the same as it is through any other discovery mechanism—Safeway is entitled to obtain non-privileged materials that are relevant to its case from third parties, including Amazon. For Amazon to assert that it does not need to respond to a request for discovery that is within the scope of the Federal Rules of Civil Procedure simply because someone else might have the documents—without even hinting at how

---

[36] **Exhibit 5:** Amazon Subpoena Objections, at 1.
[37] *State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, 2013 WL 10936871, at *11 (E.D. Mich. Nov. 26, 2013).
[38] *Id.*

13

producing the documents would cause it any burden—does not align with the Federal Rules' liberal discovery mandate.

## V.   CONCLUSION

In short, Safeway served a series of document requests on non-party Amazon that are not only relevant, but critical to Safeway's claims and therefore fall squarely within the scope of discovery under the Federal Rules of Civil Procedure. Amazon simply responded by objecting wholesale to producing *any* documents, based solely on boilerplate without a single attempt at specificity. The Court should order Amazon to comply with the valid subpoena Safeway served on it.

Respectfully submitted,

**THE MIKE COX LAW FIRM**

Dated: February 14, 2024

/s/  Jason M. Schneider
Jason M. Schneider (P79296)
*Attorneys for Safeway*
17430 Laurel Park Dr. N., Ste. 120E
Livonia, MI 48152
(734) 591-4002
jschneider@mikecoxlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on February 14, 2024, I caused to be electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record, and also by electronic mail to counsel for third-party Amazon.com Services LLC.

                                      **THE MIKE COX LAW FIRM**

                                      /s/  Jason M. Schneider
                                      Jason M. Schneider (P79296)
                                      *Attorneys for Safeway*
                                      17430 Laurel Park Dr. N., Ste. 120E
                                      Livonia, MI 48152
                                      (734) 591-4002
                                      jschneider@mikecoxlaw.com