UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SAFEWAY ACQUISITION COMPANY, LLC, | Case No. 4:23-cv-10709 |
| | Hon. F. Kay Behm |
| Plaintiff, | Mag. Anthony P. Patti |
| v. | |
| CHARTER TOWNSHIP OF HURON, | |
| Defendant. | |

### NON-PARTY HILLWOOD DEVELOPMENT COMPANY, LLC'S RESPONSE IN OPPOSITION TO SAFEWAY ACQUISITION COMPANY, LLC'S MOTION TO COMPEL

Non-Party Hillwood Development Company, LLC, ("Hillwood"), by and through its counsel, Zausmer, P.C., responds in opposition to Safeway Acquisition Company, LLC's, ("Safeway"), Motion to Compel, and states:

1. Admit.

2. As explained more fully in the supporting brief, denied as untrue.

3. Admit.

4. As explained more fully in the supporting brief, and as is readily observable from Plaintiff's own Exhibit 3, denied as untrue.

5. Neither admit nor deny that Safeway has provided this Court will all relevant factual background and legal support to justify the relief it requests, but

{05423805}                                    1

rather leaves Safeway to its proofs.

        Respectfully submitted,

        ZAUSMER, P.C.

        /s/ Mark J. Zausmer
        MARK J. ZAUSMER (P31721)
        AMANDA P. WASKE (P81128)
        *Attorneys for Non-Parties Hillwood*
        *Development Company, LLC*
        32255 Northwestern Hwy., Suite 225
        Farmington Hills, MI 48334
        (248) 851-4111
        mzausmer@zausmer.com
        awaske@zausmer.com

Dated:  March 5, 2024

## BRIEF IN SUPPORT OF NON-PARTY HILLWOOD DEVELOPMENT COMPANY, LLC'S RESPONSE IN OPPOSITION TO SAFEWAY ACQUISITION COMPANY, LLC'S MOTION TO COMPEL

### COUNTERSTATEMENT OF MATERIAL FACTS

Plaintiffs Safeway served a subpoena in connection with this lawsuit on non-party Hillwood, as well as on non-party Sterling Group. Undersigned counsel represents both entities, Hillwood and Sterling Group, worked together on the real estate and development projects of which that Safeway seeks information. As is clear from Plaintiff's Exhibit 3, PageID. 372-736, counsel for Hillwood made Safeway aware of this fact that the two entities "are not separate" as it relates to the projects of interest to Safeway. Moreover, counsel for Hillwood allowed counsel for Safeway to speak directly to Mr. Torgow, who is CEO of Sterling Group, regarding this

{05423805}        2

matter. Following that conversation, counsel for Hillwood provided Safeway with documents responsive to its subpoena.

Apparently unsatisfied, Safeway has filed the instant motion, seeking to have this Court enter an order compelling Hillwood to produce documents that are responsive to its overbroad discovery requests. The requests are not properly tailored in time or scope. Moreover, the requests seek confidential and proprietary information that may or may not be subject to attorney client privilege, but regardless, would require a large amount of time and expense to compile and review. Finally, many of the documents sought are either publically available or in the possession of Defendant, Charter Township of Huron.

## LAW AND ARGUMENT

Fed. R. Civ. P. 45(a)(1) permits a party to request a non-party produce documents. However, under Fed. R. Civ. P. 45(d)(1), a party "responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and this Court is "required to enforce this duty."

Safeway alleges that Hillwood has failed to respond to its subpoena as contemplated by Fed. R. Civ. P. 45, and thus this Court should enter an order compelling the production of years-worth of confidential and proprietary documentations. Not so. Counsel for Hillwood has been in communication with

counsel for Safeway since accepting service of the subpoena. Safeway has been informed, in writing, that Hillwood and Sterling Group worked together on the real estate projects at issue, and that for purposes of answering these subpoenas, the entities are one and the same.  PageID. 372-736. Moreover, counsel for Hillwood has ***already permitted*** counsel for Safeway to speak directly with Mr. Torgow, and has agreed that Mr. Torgow is available to appear for a deposition.  Moreover, Sterling has already produced some documents that are responsive to the subpoena.

Counsel for Hillwood has remained in communication with counsel for Safeway regarding the documents requested. See Exhibit A, 2/29/24 Email correspondence. There has been no stonewalling by Hillwood, and any representation to the contrary is disingenuous. As has been explained to counsel for Safeway, some of the remaining documents requested are either in possession of Defendant, Charter Township of Huron, or are publically available via a FOIA request. When such documentation is easily available to obtain at the expense of Plaintiff Safeway, non-parties such as Hillwood or Sterling Group should not be subject to the time and expense to compile, review, and produce such documentation.

The subpoena served by Safeway is overly broad and seeks unlimited information, including confidential and proprietary information related to transactions well beyond the scope of the real estate deal at issue in this lawsuit. The

materials requested date back over nine years. It is an incredibly burdensome undertaking to provide this information. Without waiving any of its objections, Hillwood is willing to proceed as follows:

1. Produce all submissions made by the Hillwood and/or Sterling Group to Huron Township;

2. Provide all external email correspondence between Hillwood and/or Sterling Group and Huron Township referencing the Home Depot and/or Amazon developments; and

3. Make one individual from either Hillwood or Sterling Group, chosen at Safeway's discretion, available for a deposition.

Hillwood estimates the cost to gather this information utilizing internal IT specialists to be $250 per hour, and will take approximately two weeks. Given the cost of this undertaking, the non-parties request the expense of this production be assumed by Safeway.

## CONCLUSION AND RELIEF REQUESTED

For the reasons explained herein, non-party Hillwood Development Company, LLC, respectfully requests this Court DENY the instant motion to compel, and for any other relief it deems equitable and just.

Respectfully submitted,

ZAUSMER, P.C.

Dated: March 5, 2024

/s/ Mark J. Zausmer
MARK J. ZAUSMER (P31721)
AMANDA P. WASKE (P81128)
*Attorneys for Non-Parties Hillwood Development Company, LLC*
32255 Northwestern Hwy., Suite 225
Farmington Hills, MI 48334
(248) 851-4111
mzausmer@zausmer.com
awaske@zausmer.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2024, I electronically filed the foregoing paper with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

/s/ Mark J. Zausmer
MARK J. ZAUSMER