UNITED STATES DISTRICT COURT
EASTER DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAFEWAY ACQUISITION
COMPANY, LLC,

    Plaintiff,

v

CHARTER TOWNSHIP OF HURON,

    Defendant.
                                  /

Case No. 4:23-cv-10709
District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

**NON-PARTY AMAZON.COM SERVICES LLC'S RESPONSE TO MOTION OF PLAINTIFF SAFEWAY ACQUISITION COMPANY, LLC TO COMPEL SUBPOENA RESPONSES**

Non-party Amazon.com Services LLC ("Amazon"), by and through its undersigned counsel, respectfully submits this Response to Plaintiff's Motion to Compel Subpoena Responses and Brief in Support. In support of its Response, Amazon states as follows:

    1.    As to the allegations contained in paragraph 1, Amazon admits that Safeway Acquisition Company, LLC ("Safeway") issued a subpoena to Amazon on December 22, 2023 (the "Subpoena"). As to the remaining allegations contained in paragraph 1, Amazon denies the allegations as untrue.

    2.    As to the allegations contained in paragraph 2, Amazon admits that on January 19, 2024, Amazon received a letter from Safeway regarding Amazon's

1

objections. As to the remaining allegations contained in paragraph 2, Amazon denies the allegations as untrue.

3. As to the allegations contained in paragraph 3, Amazon admits the allegations contained therein.

4. As to the allegations contained in paragraph 4, Amazon admits the allegations contained therein.

5. As to the allegations contained in paragraph 5, Amazon denies the allegations contained therein as untrue.

WHEREFORE Amazon respectfully requests that this Court deny the instant Motion to Compel and Quash the Subpoena.

Respectfully submitted,

Kitch Attorneys & Counselors, PC

Dated: March 13, 2024

By: /s/ Carina M. Kraatz
John M. Sier (P39336)
Carina M. Kraatz (P73773)
Counsel for
Amazon.com Services LLC
One Woodward Avenue, Suite 2400
Detroit, MI 48226
(313) 965-2915
John.Sier@kitch.com
Carina.kraatz@kitch.com

UNITED STATES DISTRICT COURT
EASTER DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAFEWAY ACQUISITION  　　　　Case No. 4:23-cv-10709
COMPANY, LLC, 　　　　　　　　District Judge F. Kay Behm
　　　　　　　　　　　　　　　　Magistrate Judge Anthony P. Patti
　　　Plaintiff,

v

CHARTER TOWNSHIP OF HURON,

　　　Defendant.
_____/

**BRIEF IN SUPPORT OF NON-PARTY AMAZON.COM SERVICES LLC'S RESPONSE TO MOTION OF PLAINTIFF SAFEWAY ACQUISITION COMPANY, LLC TO COMPEL SUBPOENA RESPONSES**

Non-party Amazon.com Services LLC ("Amazon") respectfully submits this response in opposition to the Motion of Plaintiff Safeway Acquisition Company, LLC ("Safeway") to Compel Subpoena Responses (the "Motion"). *See* ECF No. 20.

1

## CONCISE RESTATEMENT OF THE ISSUE PRESENTED

*Issue 1:*      *Should the Court require Non-Party Amazon.com Services LLC to produce irrelevant and duplicative discovery encompassing internal Amazon information, imposing a burden far out of proportion to any needs of the case?*

**Amazon Answer: No.**

# **LIST OF MOST APPROPRIATE AUTHORITY**

1. Fed. R. Civ. P. 26.

2. Fed. R. Civ. P. 45.

3. *Med. Ct. at Elizabeth Place, LLC v. Premier Health* Partners, 294 F.R.D. 87 (S.D. Ohio 2013).

4. *Volunteer Energy Services, Inc. v. Option Energy, LLC*, No. 11- 554, 2012 WL 13018688 (W.D. Mich. Feb. 23, 2012).

5. *Baumer v. Schmidt,* 423 F. Supp. 3d 393 (E.D. Mich. 2019).

6. *Gonzales v. Google, Inc.*, 234 F.R.D. 674 (N.D. Cal. 2006).

7. *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318 (Fed. Cir. 1990).

8. *Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792 (9th Cir. 2003).

## BRIEF IN SUPPORT OF RESPONSE

### I.     INTRODUCTION

Safeway seeks irrelevant and confidential internal Amazon information that would impose a burden far out of proportion to any needs of the case. Safeway's Motion should be denied.

In this lawsuit, Safeway claims that Defendant Charter Township of Huron (the "Township") unconstitutionally and otherwise unlawfully denied Safeway's application for a land-use permit to construct a Travel Center. Safeway alleges that the Township denied its application based on "reasoning that lacked any competent, material basis," and Safeway particularly takes issue with the Township's purported reliance on unspecified concerns about traffic. *Id*. at 6. How the Township made its decision regarding Safeway's land-use permit application is an issue exclusively between the Township and Safeway. Indeed, the only relationship between the Township's denial of Safeway's application and Amazon is that Safeway had proposed to construct a Travel Center near Amazon warehouse facilities DTW3 and DTW9 (together, the "Amazon Facilities"). Nevertheless, through this Motion, Safeway demands that non-party Amazon conduct an expensive and exhaustive search for any of its own *wholly internal* analyses it might have regarding traffic near the Amazon Facilities.

4

Safeway's discovery efforts are misdirected. The Township has in its possession the information and documents it relied on in denying Safeway's application, and Safeway can obtain all of that information directly from the Township. And, to the extent traffic near the Amazon Facilities is tangentially relevant, the developers of the Amazon Facilities have already provided the associated traffic impact study (the "Amazon Traffic Impact Study") to Safeway. To the extent any additional, wholly internal, proprietary analyses exist, they are not relevant to Safeway's claims. Amazon's internal documents had no bearing on the Township's assessment of Safeway's application. Safeway offers no explanation for what relevant information it expects to find in non-party Amazon's internal documents as to *the Township's* actions.

Through meet and confers, Amazon and Safeway have resolved all issues raised in this Motion, except for one: Safeway's request for "all traffic protocols, traffic standards, and other traffic policies" for the Amazon Facilities. ECF No. 20 at 6-7. Safeway's Motion seeking Amazon's internal traffic information should be denied for four primary reasons. *First*, this information is not relevant to any claim or defense in the action. *Second*, Safeway seeks duplicative and cumulative discovery that it could and should obtain directly from the Township or by other less burdensome means. *Third*, Safeway's request is not proportional to the needs of the case, particularly given the burden of conducting the broad search that

5

Safeway seeks and the sensitive and proprietary nature of any internal Amazon information. *Fourth*, the only conceivable use of any information located by Amazon would be for Safeway to improperly conscript Amazon as an unretained expert on local traffic conditions.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On December 22, 2023, Safeway served a subpoena on non-party Amazon (the "Subpoena") seeking 11 categories of "all documents" or "all communications" broadly relating to the Amazon Facilities. ECF No. 20-4 at 2-8; Exhibit 1, Declaration of Deana Ahn ("Ahn Decl."), ¶ 4. On January 4, 2024, Amazon timely objected to the Subpoena, including on grounds of relevance, undue burden, and the sensitivity of the information sought. ECF No. 20-5 at 2-11; Exhibit 1, Ahn Decl., ¶ 5.

On January 24, 2024, non-party Amazon and Safeway met and conferred by telephone. Exhibit 1, Ahn Decl., ¶ 6. On February 6, 2024, Amazon informed Safeway by e-mail that Safeway can and should obtain the requested information directly from the Township, which is a party to the litigation. *Id.*, ¶ 7. Non-party Amazon also reiterated its position that any internal traffic documents it might locate would be irrelevant to the Township's decision in denying Safeway's application. *Id.* Amazon invited Safeway to follow up should Safeway have any questions or would like to further discuss. *Id.* Safeway did not respond. *Id.*

6

On February 14, 2024, Safeway filed and served the instant Motion. *Id.*, ¶ 8. Amazon reached out to further meet and confer in an effort to resolve the issues without the Court's intervention. *Id.*, ¶ 9. Amazon and Safeway conducted three additional telephone discussions. *Id.*, ¶¶ 9, 10. Amazon and Safeway have cooperatively resolved all issues raised in the Motion, except for Safeway's request for "all traffic protocols, traffic standards, and other traffic policies" for the Amazon Facilities. *Id.*, ¶ 10.

## III. ARGUMENT

### A. Legal Standard for Discovery Directed at Non-Parties.

The right to discovery is not limitless. All discovery must be both *relevant* and *proportional* to the needs of the case. *See* Fed. R. Civ. P. 26(b)(2). Furthermore, the Court must limit the extent of discovery if the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *See* Fed. R. Civ. P. 26(b)(2)(C). A district court must balance the "right to discovery with the need to prevent 'fishing expeditions.'" *See Lippett v. Duncan*, No. 21-11289, 2022 WL 4553121, at *2 (E.D. Mich. Sept. 29, 2022) (internal quotations omitted) (quoting *Conti v. Am. Axle & Mfg., Inc.*, 326 Fed. Appx 900, 907 (6th Cir. 2009)); *see also Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2008) ("[a]lthough a plaintiff should not be denied access to information necessary to

establish her claim, neither may a plaintiff be permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive") (internal quotations omitted).

A party issuing a subpoena "*must* take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Fed. R. Civ. P. 45(d)(1) (emphasis added). Courts are particularly sensitive to burdens imposed on non-parties. Non-party status is "a factor that weighs against disclosure." *In re CareSource Management Group Co.,* 289 F.R.D. 251, 253 (S.D. Ohio 2013) (quoting *Am. Elec. Power Co.*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)); *see also Med. Ct. at Elizabeth Place, LLC v. Premier Health* Partners, 294 F.R.D. 87, 92 (S.D. Ohio 2013) ("the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the [non-party]") (quoting *Universal Delaware v. Comidata Network*, No. 10-104, 2011 WL 1085180, at *2-3 (M.D. Tenn. Mar. 21, 2011); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs" in Rule 45 inquiry); *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) ("the fact of non-party status may be considered by the court in weighing the burdens imposed in the circumstances").

### B. Safeway's Motion Should Be Denied.

Non-party Amazon has met and conferred with Safeway and has narrowed the unresolved demands to one: traffic patterns and analyses for the Amazon Facilities. Applying the relevant rules and well-established principles, the Court should deny Safeway's motion to compel non-party Amazon to produce:

> all traffic protocols, traffic standards, and other traffic policies for the [Amazon Facilities], including but not limited to any documents showing ingress/egress routes and traffic circulation patterns on and around Prescott Road, Wahrman Road, Sibley Road, and Vining Road.

ECF No. 20-4 at 3-4.

#### 1. Safeway Seeks Information That Is Not Relevant to Any Claim or Defense.

Safeway fails to meet the burden of demonstrating that non-party Amazon's internal traffic documents and policies are relevant to any claim or defense in the case. *See Lippett*, 2022 WL 4553121, at *2 (overruling plaintiff's objections to Magistrate Judge's Order denying plaintiff's motion to compel and concluding that "[t]he liberal standard of relevancy is not a license to 'go fishing'"). Safeway asserts that the request is "not only relevant, but critical to the claims and allegations in its Complaint." ECF No. 20 at 15. However, rather than providing any support for this assertion, Safeway's Motion merely recounts its allegations against the Township:

> Safeway has alleged that the Amazon distribution-center development were [*sic*] one of the primary motivations [ ] for Safeway's purchase of development property in the Township. Safeway has also alleged that the Township's

9

> purported concerns about traffic in its denial of Safeway's land-use application were unfounded because the Amazon centers created significantly more traffic than Safeway ever would, yet were approved . . . These allegations are central to Safeway's claims that the Township violated its due process rights . . . Thus, Safeway's document requests fall squarely within Fed. R. Civ. P. 26(b)'s mandate that parties are entitled to any non-privileged, relevant materials.

ECF No. 6 at 15.

Safeway's recitation of its allegations does not explain how any Amazon internal documents regarding traffic would be relevant, much less "critical" to Safeway's claims against the Township. And, even if some passing relevance were assumed, the appropriate question is "whether the requested information [is] *relevant enough* to justify on balance a decision to impose the burden of information production on the subpoenaed non-party." *See Pac. Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 200 (N.D. Ill. 2012); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (the burden on the non-party "outweighs the likely benefit of the subpoena at least in the absence of a convincing showing that the subpoena is likely to yield *unique and material* evidence from the [non-party]") (emphases added); *Volunteer Energy Services, Inc. v. Option Energy, LLC*, No. 11- 554, 2012 WL 13018688, at *1 (W.D. Mich. Feb. 23, 2012) ("[t]he question whether a subpoena imposes an undue burden upon a non-party turns on factors such as relevance, the need of the party for the documents, the breadth of the document requests, and the particularity with which

10

documents are described") (citing *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53 (S.D.N.Y. 1996)).

Safeway's expansive interpretation of Rule 26(b) in this non-party context is unjustified and should be rejected. Amazon's internal documents, which the Township does not have access to, had no bearing on the Township's assessment of Safeway's land-use application and its decision to deny it. To the extent traffic around the Amazon Facilities could in any way be construed as relevant, Safeway already has the Amazon Traffic Impact Study the developers of the Amazon Facilities submitted to the Township for that development. *See* Exhibit 1, Ahn Decl., ¶ 12. And, in any event, information regarding traffic in the surrounding area is visually apparent, measurable, and publicly available. Safeway is free to evaluate, compare, and analyze traffic flows and patterns, and draw its own conclusions, or retain a traffic consultant or expert to do so.

### 2. Safeway Seeks Duplicative or Cumulative Documents from Non-Party Amazon.

Courts in the Sixth Circuit regularly hold that parties cannot seek duplicative or cumulative information from a non-party like Amazon, and protect non-parties against such overreach. *See, e.g., Baumer v. Schmidt,* 423 F. Supp. 3d 393 (E.D. Mich. 2019) (listing cases in the Sixth Circuit denying motions to compel discovery and quashing subpoenas directed to non-parties where the discovery sought was obtainable from a party to the litigation); *see also Tolliver v. Abuelo's*

11

*Int'l, LP,* No. 21-0022, 2021 WL 3188420, at *2 (S.D. Ohio Jul. 28, 2021) (quashing subpoena issued to non-party seeking documents obtainable from defendants); *Versata Software v. Internet Brands, Inc.,* No. 11-50844, 2011 WL 4905665, at *2 (E.D. Mich. Oct. 14, 2011) (quashing subpoena where the Court was not persuaded that the information sought by plaintiff could not be more readily obtained from defendant or other less burdensome sources).

Safeway's request is duplicative and cumulative of other documents it has obtained or should obtain directly from the Township or non-party developers. For example, Safeway could and should obtain from the Township any and all information it actually relied on in denying Safeway's land-use permit. In addition, to the extent traffic around the Amazon Facilities is at all relevant, the developers of the Amazon Facilities have already provided to Safeway the Amazon Traffic Impact Study, *which was submitted to the Township* at the time of developing the Amazon Facilities. *See* Exhibit 1, Ahn Decl., ¶ 12. The Amazon Traffic Impact Study contains detailed data on anticipated traffic flows, patterns, and roadway infrastructures. Safeway offers no credible reason for seeking to obtain any additional, *entirely internal* Amazon documents that were not submitted to the Township and could not have been part of the Township's decision to deny Safeway's application. Thus, to the extent Amazon internal documents are relevant at all, they are duplicative of the discovery Safeway should seek and

12

obtain directly from the Township.  The Court should not endorse Safeway's effort to burden non-party Amazon with demands for duplicative and cumulative information.

### 3. Safeway's Request Is Not Proportional to the Needs of the Case.

Even if Amazon's *internal* traffic documents have some passing relevance to Safeway's claims against the Township, Safeway cannot establish that the information is "proportional to the needs of the case," particularly given the undue burden to Amazon and the threat to its confidential information.  *See* Fed. R. Civ. P. 26(b)(1) and 45(d)(1).  To protect a person affected by a subpoena, courts may quash or modify the subpoena if it requires disclosing confidential research, development, or commercial information.  *See* Fed. R. Civ. P. 45(d)(3)(B)(i); *see also In re Ebay Seller Antitrust Litigation*, No. 09-735, 2009 WL 5205961, at *3 (W.D. Wash. Dec. 23, 2009) (declining to require Amazon to disclose "possibly relevant" but competitively sensitive information); *Global Technology, Inc. v. Ningbo Swell Indus. Co., Ltd.*, No. 19-10934, 2021 WL 5443272, at *3 (E.D. Mich. Apr. 27, 2021).  Upon a showing that certain information is confidential or commercial in nature, the "burden shifts to the requesting party to show a *substantial need* for the testimony or material that cannot be otherwise met without undue hardship." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 683-86 (N.D. Cal. 2006) (emphasis added) (internal quotations omitted).

13

To the extent Amazon could locate documents about the processes by which traffic flows into, through, and out of the Amazon Facilities, the information therein would be a product of Amazon's own internal research and decision-making. Amazon's strategies are commercially valuable and proprietary, and disclosure would put Amazon at competitive risk. Here, Safeway has not articulated any credible need, much less a *substantial need*, for Amazon's confidential information. Safeway could readily hire its own experts to analyze traffic patterns and circulations in the relevant area. *See e.g., In re Ebay Seller Antitrust Litigation*, 2009 WL 5205961, at *3 (declining to require Amazon to produce "possibly relevant" business information because "[w]hatever analyses Amazon has conducted of the relevant markets are analyses that [the requesting party] could conduct itself"). In addition, traffic analyses and other relevant information on which the Township relied in making its decision to deny Safeway's application should be obtained directly from the Township. Safeway has not met its burden to show any substantial need for Amazon's information. *See e.g., Littlefield v. Nutribullet, L.L.C.*, No. 16-6894, 2018 WL 5264148, at *7 (C.D. Cal. Jan. 22, 2018) (declining to permit discovery where plaintiffs "failed to adequately demonstrate a need" and opining that their case could be constructed "through less intrusive means").

14

Safeway may argue that there would be "no harm" to Amazon in producing any internal information because a protective order could be entered. However, a protective order is "not a substitute for establishing *relevance or need*." *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1325 (Fed. Cir. 1990) (emphasis added) ("[i]ts purpose . . . is to prevent harm by limiting disclosure of *relevant and necessary* information"). Here, Safeway has not adequately demonstrated relevance or a substantial need for any of Amazon's confidential and sensitive information. A protective order also offers insufficient protection to warrant the unnecessary production of sensitive information by non-parties to litigation. *See id.*; *In re Vitamins Antitrust Litig.,* 267 F. Supp. 2d 738, 741-42 (S.D. Ohio 2003) (denying motion to compel and acknowledging limits of protective orders in relation to non-parties); *Lakeview Pharmacy of Racine, Inc. v. Catamaran Corp.*, No. 3:15-290, 2017 WL 4310221, at *9 (M.D. Pa. Sep. 28, 2017) ("Courts have routinely found that a protective order is insufficient protection against unnecessary disclosure of confidential information to the requesting party"). As these cases make clear, the Court must balance Amazon's claim to privacy against the need for disclosure. Because any internal analysis by Amazon regarding its traffic patterns is not relevant to any claim or defense, Safeway cannot meet its burden to establish that its purported need outweighs Amazon's claims to privacy.

### 4. Safeway Improperly Seeks Unretained Expert Disclosure.

Amazon has not been retained as an expert in this case. Setting aside that Amazon's internal data and analyses regarding traffic circulation patterns are confidential and proprietary, they are also the product of Amazon's own internal research and development. Safeway is perfectly capable of hiring its own traffic experts and consultants to undertake studies on any relevant traffic issues. The only logical reason that Safeway may want any internal analysis by Amazon of traffic is to improperly conscript Amazon as an unretained expert on local traffic conditions. This is an improper use of a non-party subpoena. *See e.g.* Fed. R. Civ. P. 45(d)(3)(B)(ii) (indicating that a court may quash a subpoena if it requires disclosure of an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from a study that was not requested by a party)*; Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 814 (9th Cir. 2003) ("[a] growing problem has been the use of subpoenas to compel the giving of evidence and information by unretained experts."); *Verinata Health, Inc. v. Sequenom, Inc.*, No. 12-00865, 2014 WL 2600367, at *3 (N.D. Cal. June 10, 2014) (concluding "an improper use of a non-party deposition subpoena where "the primary information [sought] would require [the subpoenaed non-party] to act as an unpaid expert witness"). The Court should deny Safeway's improper request to extract unretained expert studies from non-party Amazon.

## IV. CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court deny Safeway's Motion and Quash the Subpoena.

                Respectfully submitted,

                Kitch Attorneys & Counselors, PC

Dated: March 13, 2024

By: /s/ Carina M. Kraatz
John M. Sier (P39336)
Carina M. Kraatz (P73773)
Counsel for
Amazon.com Services LLC
One Woodward Avenue, Suite 2400
Detroit, MI 48226
(313) 965-2915
John.Sier@kitch.com
Carina.kraatz@kitch.com

17

## CERTIFICATE OF SERVICE

      I hereby certify that on March 13, 2024, I cased to be electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

                                          Kitch Attorneys & Counselors, PC

                          By:   /s/ Carina M. Kraatz
                                   John M. Sier (P39336)
                                   Carina M. Kraatz (P73773)
                                   Counsel for
                                   Amazon.com Services LLC
                                   One Woodward Avenue, Suite 2400
                                   Detroit, MI 48226
                                   (313) 965-2915
                                   John.Sier@kitch.com
                                   Carina.kraatz@kitch.com