# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTER DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAFEWAY ACQUISITION
COMPANY, LLC,

    Plaintiff,

v

CHARTER TOWNSHIP OF HURON,

    Defendant.
_____/

Case No. 4:23-cv-10709
District Judge F. Kay Behm
Magistrate Judge: Anthony P. Patti

## DECLARATION OF DEANA AHN
## IN SUPPORT OF NON-PARTY AMAZON.COM SERVICES LLC'S RESPONSE TO MOTION OF PLAINTIFF SAFEWAY ACQUISITION COMPANY, LLC TO COMPEL SUBPOENA RESPONSES

Deana Ahn declares as follows:

1. I am an attorney with Davis Wright Tremaine LLP, counsel to non-party Amazon.com Services LLC ("Amazon") in this matter. I make this declaration based on personal knowledge and belief in support of Amazon's opposition to the Motion of Plaintiff Safeway Acquisition Company, LLC ("Safeway") to Compel Subpoena Responses (the "Motion"). *See* ECF No. 20.

2. In this lawsuit, Safeway claims that Defendant Charter Township of Huron (the "Township") unconstitutionally and otherwise unlawfully denied Safeway's application for a land-use permit to construct a Travel Center near

2

Amazon warehouse facilities DTW3 and DTW9 (together, the "Amazon Facilities"). *See* ECF No. 20 at 6.

3. Safeway alleges that the Township denied its application based on "reasoning that lacked any competent, material basis," and Safeway particularly takes issue with the Township's purported reliance on unspecified concerns about traffic. *Id*.

4. On December 22, 2023, Safeway served a subpoena on Amazon (the "Subpoena") seeking 11 categories of "all documents" or "all communications" broadly relating to the Amazon Facilities. *See* ECF No. 20-4 at 2-8.

5. On January 4, 2024, Amazon timely objected to the Subpoena, including on grounds of relevance, undue burden, and the sensitivity of the information sought. *See* ECF No. 20-5 at 2-11.

6. On January 24, 2024, I met and conferred by telephone with Safeway's counsel, Jason Schneider.

7. On February 6, 2024, in an e-mail to Mr. Schneider, I informed Amazon's position that Safeway's requests are cumulative and overly burdensome. *See* ECF No. 20-3 at 2. I stated that Safeway can and should obtain the information sought directly from the Township, which is a party in the litigation. *See id*. I also reiterated that if Amazon had privately conducted any traffic studies and had not shared them with the Township, such studies would be irrelevant to the

3

Township's decision to deny Safeway's application. *See id*. I asked that Mr. Schneider let me know if he had any questions or would like to discuss further. *See id*. I did not receive a response from Mr. Schneider. *See id*.

8. On February 14, 2024, Safeway filed and served the instant Motion. *See id*.

9. On February 15, 2024, in my absence from the office, my colleague Ramie Snodgrass contacted Mr. Schneider to further meet and confer in an effort to resolve the issues without the Court's intervention. On February 21, 2024, Ms. Snodgrass and Mr. Schneider met and conferred by telephone.

10. My colleague Jim Howard and I also met and conferred with Mr. Schneider on March 8th and 11th. We have cooperatively resolved all issues raised in the Motion, except for Safeway's request for "all traffic protocols, traffic standards, and other traffic policies" for the Amazon Facilities.

11. Non-parties Hillwood Development Company, LLC ("Hillwood") and Sterling Group ("Sterling") worked together on real estate projects, including the development of the Amazon Facilities. *See* ECF No. 40 at 4.

12. It is my understanding from Hillwood's counsel that Hillwood commissioned a traffic impact study for the development of the Amazon Facilities (the "Amazon Traffic Impact Study"), which was submitted to the Township. I

understand from Hillwood's counsel that they also provided a copy of the Amazon Traffic Impact Study to Safeway.

13. In response to Safeway's separate motion to compel subpoena responses from Hillwood (ECF No. 31), Hillwood has responded that it is willing to: (1) produce all submissions made by Hillwood and/or Sterling to the Township; (2) provide all external e-mail correspondence with the Township referencing the Amazon development; and (3) make one individual from Hillwood or Sterling available for a deposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 13th day of March, 2024, at Bellevue, Washington.

*/s/ Deana Ahn*
Deana Ahn

5

DET02:4046849.1